**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ROGER W. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00312-TWP-TAB |
| ) | |
| CAROLYN W. COLVIN, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Roger W. Allen ("Mr. Allen") requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title IX of the Social Security Act (the "Act").[1] For the reasons set forth below, the Court **AFFIRMS** the Commissioner's decision.

**I.    BACKGROUND**

**A.    Procedural History**

Mr. Allen filed applications for DIB and SSI on March 24, 2011, alleging a disability onset date of June 1, 2009. His application was denied through the administrative process, and on December 6, 2011, Mr. Allen filed a written request for a hearing with an administrative law judge. On October 4, 2012, Administrative Law Judge Julia Gibbs (the "ALJ") held a video hearing at which an impartial vocational expert, Brian L. Womer, also testified. On October 25, 2012, the

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits or Supplemental Security Income. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted decisions.

ALJ found that Mr. Allen was not disabled because he could perform a significant number of jobs in the national economy, despite his limitations.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

**B.      Factual Background**

Mr. Allen was 48 years old at his alleged onset date of June 1, 2009 and 52 years old at the time of the ALJ's decision. He has a high school education.  Mr. Allen worked for 30 years at Allison Factory as a heating and air conditioning mechanic. He alleges disability due to numbness and pain in his feet, numbness and weakness in his hands, shortness of breath, diabetes, and pain in his back, right ankle, and right shoulder.  The basis of Mr. Allen's appeal relates to his claims of disabling fibromyalgia; however, the medical records reflect treatment primarily for asthma, allergies, and diabetes.  In 2009, Mr. Allen complained of shoulder pain and reduced range of motion, and an MRI showed a tear in his rotator cuff.  He underwent surgery on his right shoulder in November 2009, and post-operative notes reflect that he was pain-free.

In January 2012, Mr. Allen complained of widespread joint pain.  He was examined by rheumatologist Dr. Stefan Monev M.D. ("Dr. Monev"), who determined that Mr. Allen had trigger tender points of 11 out of 18 locations, limited joint range of motion in his great toes, crepitus in his knees and great toes, and cervical and upper thoracic paravertebral tenderness pain in his spine. Dr. Monev diagnosed Mr. Allen with fibromyalgia and started him on Cymbalta.  In April 2012, Mr. Allen returned to Dr. Monev for a follow-up appointment for his fibromyalgia.  Dr. Monev noted that Cymbalta had improved Mr. Allen's generalized joint, muscle and back pain, but he continued to have some trigger tender points.  Dr. Monev continued Mr. Allen on Cymbalta.  At a subsequent follow-up in August 2012, Mr. Allen's fibromyalgia remained stable and he was continued on Cymbalta.

## II. DISABILITY AND STANDARD OF REVIEW

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e. one that significantly limits his ability to perform basic work activities) that meets the durational requirement, he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the ALJ determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). In order to determine steps four and five, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), which is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if

the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

### III.  THE ALJ'S DECISION

As an initial matter, the ALJ found that Mr. Allen met the insured status requirements of the Act through December 31, 2014 for purposes of DIB. At step one, the ALJ found that Mr. Allen had not engaged in substantial gainful activity since June 1, 2009, his alleged onset date. At step two, the ALJ found that Mr. Allen had the following severe impairments: tendonitis and

arthritic changes of the right ankle, asthma, tendonitis and degenerative joint disease of the right shoulder status post-surgical repair, hypertension, hypertriglyceridemia, diabetes mellitus, fibromyalgia, arthralgia, osteoarthrosis, and obstructive sleep apnea.  At step three, the ALJ found that Mr. Allen does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded that Mr. Allen has the residual functional capacity to perform light work, except he is occasionally unable to raise his right arm above his shoulder.  At step four, the ALJ determined that Mr. Allen is unable to perform any of his past relevant work.  At step five, the ALJ found that considering Mr. Allen's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, concluding that he is not disabled as defined by the Act.

## IV.   ANALYSIS

Mr. Allen raises four issues for review.  First, he argues that the ALJ erred at step three by failing to support her determination that he was not disabled due to chronic fibromyalgia with substantial evidence.  Second, Mr. Allen argues the ALJ erred by failing to summon a medical advisor to testify whether his fibromyalgia medically equaled any listed impairment.  Third, Mr. Allen argues that the ALJ's credibility determination was contrary to Social Security Ruling 96-7p.  Finally, Mr. Allen alleges that the ALJ failed to support her step five determination with substantial evidence in finding that he could perform some jobs.

**A.   Step Three Analysis**

Mr. Allen argues that the ALJ ignored or rejected evidence proving that he was disabled due to fibromyalgia pain.  He claims that the ALJ "[i]gnored or rejected all of the evidence proving he was disabled," (Filing No. 18, at ECF p. 6), however, Mr. Allen does not meet his burden of

proof by pointing the Court to any evidence that would support a finding of disability and which the ALJ allegedly ignored. The ALJ discussed Mr. Allen's fibromyalgia diagnosis based upon Dr. Monev's trigger point evaluation and noted that Dr. Monev endorsed widespread muscle and joint pain, but also indicated that Mr. Allen engaged in daily aerobic exercise. The ALJ also discussed Mr. Allen's follow up visits with Dr. Monev in April 2012 records. Those records showed that Cymbalta significantly improved Mr. Allen's pain, his gait was normal and trigger points few and he had no noteworthy change in his condition leading up to his disability hearing. (Filing No. 14-2, at ECF p. 17.) Mr. Allen only provides case citations stating that the ALJ may not select and discuss only the evidence that favors the denial decision, but does not provide any analysis showing that the ALJ did so in this particular case. The Court finds that the ALJ adequately supported her step three determination with substantial evidence, and Mr. Allen has not met his burden of proving that he was disabled due to fibromyalgia.

**B.      Failure to Summon a Medical Advisor**

Mr. Allen argues that the ALJ should have summoned a medical advisor to testify regarding the issue of medical equivalency because the state agency physicians did not consider all of the medical records, thus the ALJ could not rely upon their findings with respect to medical equivalence. An ALJ is not required to seek the opinion of additional medical experts, and the decision to summon a medical expert is discretionary. *See* 20 C.F.R. § 416.927(e)(2)(iii); *see also Scheck*, 357 F.3d at 700 (concluding that Disability Determination and Transmittal ("DDT") forms conclusively establish that a physician designated by the Commissioner has given consideration to medical equivalence). While the DDT forms here did pre-date some of the medical evidence in the record, an ALJ is required to obtain an updated opinion of a medical expert only when "additional medical evidence is received that in the opinion of the administrative law judge or the

6

Appeals Council may change the State agency medical or psychological consultant's finding that the [impairment] is not equivalent in severity to any impairment in the Listing of Impairments." *Graves v. Astrue*, No. 1:11-CV-249-SEB-DKL, 2012 WL 4019533, at *3 (S.D. Ind. Sept. 11, 2012) (quoting SSR 96–6p).

Mr. Allen does not identify what information in the subsequently dated medical records from his rheumatologist would have changed the ALJ's findings, and, as stated above, the ALJ did consider these later dated records in her opinion, noting that medical treatment improved Mr. Allen's condition and there were no significant changes in his condition leading up to the hearing. (Filing No. 14-2, at ECF p. 17.) Thus, the Court finds that the ALJ considered all of the evidence cited by Mr. Allen, and was not required to summon a medical advisor to testify at the hearing.

**C.     Credibility Determination**

Mr. Allen argues that the ALJ's credibility determination was contrary to the evidence because the ALJ ignored or misinterpreted evidence which proved he was totally disabled due to fibromyalgia. Again, Mr. Allen does not point the Court to any evidence that he alleges that the ALJ ignored or misinterpreted. He also mischaracterizes the ALJ's "boilerplate credibility determination" as consisting of a single paragraph, whereas the ALJ stated all of the reasons she found Mr. Allen's statements concerning the intensity, persistence, and limiting effects of his symptoms not credible over three pages of the ALJ's opinion. (Filing No. 14-2, at ECF pp. 15-17.) The ALJ cited to evidence that Mr. Allen remained physically active; he had improvement in his shoulder pain following surgical treatment; his diabetes was controlled; and a consultative examination showed that Mr. Allen was able to move without difficulty, had full range of motion, and normal gait. (Filing No. 14-2, at ECF p. 16.) With respect to Mr. Allen's fibromyalgia, the ALJ acknowledged Dr. Monev's diagnosis, but also cited to records showing that he had

significant improvement after being treated with Cymbalta, and the record did not reflect significant change in his condition. (Filing No. 14-2, at ECF p. 17.) The Court finds that the ALJ adequately supported her conclusion regarding Mr. Allen's credibility with substantial evidence.

**D.    Step Five Determination**

Finally, Mr. Allen argues that the ALJ failed to support her step five determination with substantial evidence. Specifically, he argues the ALJ did not address the impact of Mr. Allen's nonexertional limitations documented by the rheumatological evaluations and treatment evidence. Mr. Allen does not describe or cite to evidence of the nonexertional limitations related to his fibromyalgia which he claimed was overlooked by the ALJ, or what impact this evidence should have on his RFC. The ALJ accounted for Mr. Allen's exertional limitations, including limitations in standing, walking and lifting, by limiting him to light work with the occasional inability to raise his right arm above his shoulder, and also addressed the medical evidence that contradicted Mr. Allen's claims about the severity of his pain. (Filing No. 14-2, at ECF p. 15.) Therefore, the Court finds that the ALJ supported her step five finding with substantial evidence and Mr. Allen has not demonstrated that she committed reversible error.

**V.    CONCLUSION**

For the reasons set forth above, the Court finds that the ALJ supported her decision finding that Mr. Allen is not disabled under the meaning of the Act, and therefore the decision of the Commissioner is **AFFIRMED**. Mr. Allen's appeal is **DISMISSED**.

**SO ORDERED.**

Dated: 6/29/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov